# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JONATHAN L. GURATH,**

    Petitioner,

    v.                                                                                                                 Case No. 15-CV-1286

**BRIAN FOSTER,**

    Respondent.

## DECISION AND ORDER

Jonathan L. Gurath, a prisoner in Wisconsin custody, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket # 2.) Gurath challenges his conviction and sentence as unconstitutional. For the reasons stated below, the petition for writ of habeas corpus will be denied.

## BACKGROUND

A Fond du Lac County jury convicted Gurath of one count of possession of the controlled substance clonazepam, one count of possession of the narcotic drug morphine sulfate, and one count of second-degree sexual assault of a child under age sixteen. (Case No. 2010CF245.) After the jury trial, Gurath entered into plea negotiations with the state on another pending case (No. 2010CF122) which resulted in the dismissal of several charges and "no contest" pleas to four counts of capturing images of nudity without consent of the victim. (Docket # 10-2.) The circuit court judge sentenced Gurath on all the offenses to an

aggregate of thirty-two years and sixty days of initial confinement, followed by sixteen years of extended supervision. (Judgments of Conviction, Docket # 10-1, 10-2.)

Subsequently, Gurath filed a postconviction motion challenging only his sentence for second-degree sexual assault of a child which consisted of twenty-five years of initial confinement followed by seven years of extended supervision. He sought modification of the sentence based on alleged weaknesses in the child-victim's testimony. The circuit court denied the motion. (Docket # 10-3 ¶ 4.)

Gurath appealed and the Wisconsin Court of Appeals affirmed the judgment of conviction and the order denying postconviction relief. *State v. Gurath*, No. 2013 WI App 1305, 2013 WI App 1306 (Wis. Ct. App. Apr. 30, 2014) (Docket # 10-3). The Wisconsin Supreme Court denied Gurath's petition for review on August 4, 2014. (Docket # 10-4.) Gurath filed his petition for writ of habeas corpus in this court on October 29, 2015.

**STANDARD OF REVIEW**

Gurath's petition is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Under the AEDPA, a writ of habeas corpus may be granted if the state court decision on the merits of the petitioner's claim (1) was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1); or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2).

A state court's decision is "contrary to . . . clearly established Federal law as established by the United States Supreme Court" if it is "substantially different from relevant [Supreme Court] precedent." *Washington v. Smith*, 219 F.3d 620, 628 (7th Cir. 2000)

(quoting *Williams v. Taylor*, 529 U.S. 362, 405 (2000)). The court of appeals for this circuit recognized the narrow application of the "contrary to" clause:

> [U]nder the "contrary to" clause of § 2254(d)(1), [a court] could grant a writ of habeas corpus . . . where the state court applied a rule that contradicts the governing law as expounded in Supreme Court cases or where the state court confronts facts materially indistinguishable from a Supreme Court case and nevertheless arrives at a different result.

*Washington*, 219 F.3d at 628. The court further explained that the "unreasonable application of" clause was broader and "allows a federal habeas court to grant habeas relief whenever the state court 'unreasonably applied [a clearly established] principle to the facts of the prisoner's case.'" *Id.* (quoting *Williams*, 529 U.S. at 413).

To be unreasonable, a state court ruling must be more than simply "erroneous" and perhaps more than "clearly erroneous." *Hennon v. Cooper*, 109 F.3d 330, 334 (7th Cir. 1997). Under the "unreasonableness" standard, a state court's decision will stand "if it is one of several equally plausible outcomes." *Hall v. Washington*, 106 F.3d 742, 748–49 (7th Cir. 1997). In *Morgan v. Krenke*, the court explained:

> Unreasonableness is judged by an objective standard, and under the "unreasonable application" clause, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable."

232 F.3d 562, 565–66 (7th Cir. 2000) (quoting *Williams*, 529 U.S. at 411), *cert. denied*, 532 U.S. 951 (2001). Accordingly, before a court may issue a writ of habeas corpus, it must determine that the state court decision was both incorrect and unreasonable. *Washington*, 219 F.3d at 627.

## ANALYSIS

Gurath raises three grounds for habeas relief. First, he argues that the trial court abused its discretion in applying WIS. STAT. § 971.12 when it denied his motion to sever counts for trial. (Docket # 13 at 8–12.) Gurath also argues that the trial court violated *State v. Haseltine*, 120 Wis. 2d 92 (Wis. Ct. App. 1984), which prohibits a witness from rendering an opinion that another witness told the truth. (*Id.* at 21–24.) Finally, Gurath argues that his conviction for second-degree sexual assault of a child is based on insufficient evidence. (*Id.* at 12–21.)

Gurath's first two grounds do not allege violations of the federal Constitution, only violations of state law. A federal habeas court may not second-guess a state court's resolution of an issue of state law. *Swartout v. Cook*, 562 U.S. 216, 219 (2011). Accordingly, Gurath is not entitled to habeas relief on either ground. I will therefore only address Gurath's third ground for relief.

The Due Process Clause of the Fourteenth Amendment "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime for which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). When insufficiency of evidence is asserted as the basis for a habeas petition, the petitioner must show "'upon the record evidence adduced at the trial no rational trier of fact could have found proof beyond a reasonable doubt.'" *Cabrera v Hinsley*, 324 F.3d 527, 533 (7th Cir. 2003) (citing *Jackson v. Virginia*, 443 U.S. 307, 319, 324 (1979)). The inquiry does not require the federal habeas court to "ask itself whether it believes that the evidence at trial established guilt beyond a reasonable doubt." *Jackson*, 443 U.S. at 319 (citing *Woodby v. INS*, 385 U.S. 276, 282 (1966)). Instead, the relevant question is whether, after viewing the evidence in the

light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.*

A federal habeas court determines the sufficiency of the evidence in reference to the substantive elements of the criminal offense as defined by state law. *See id*. at 324 n.16. Under Wisconsin law, to prove a charge of second-degree sexual assault of a child, the state must prove (1) the defendant had sexual contact or intercourse with the victim and (2) the victim was under the age of sixteen at the time of the sexual contact or intercourse. *Gurath* at ¶ 7, *citing to* WIS JI-CRIMINAL 2014; WIS. STAT. § 948.02(2) (2011–12) (Docket # 10-3.) Additionally, under Wisconsin law sexual contact is defined, in relevant part, as the intentional touching of the victim's intimate parts either directly or through the victim's clothing by any body part or any object. WIS. STAT. 948.01(5). Sexual intercourse is defined, in relevant part, as the "intrusion, however slight, of any part of [his] body or of any object, into the genital or anal opening [of the victim]." WIS. STAT 948.01(6).

In reviewing Gurath's sufficiency challenge, the Wisconsin Court of Appeals stated that it may not substitute its judgment for that of the jury unless the evidence, viewed most favorably to the state and the conviction, is so lacking in probative value and force that no trier of fact, acting reasonably, could have found guilt beyond a reasonable doubt. *Gurath* at ¶ 6 (citing *State v. Poellinger*, 153 Wis. 2d 493, 507 (1990)). Although the Court of Appeals did not cite to federal law, the standard it cited mirrored the federal standard under *Jackson*. As such, the Court of Appeals identified the correct governing legal rule. Thus, the only issue before me to resolve on habeas review is whether the state court reasonably applied that rule to the facts of Gurath's case. In making that determination, it is important to recall

that in a federal habeas corpus proceeding, the court's review is tempered by AEDPA's deferential constraints.

In considering Gurath's sufficiency challenge, the Court of Appeals first cited to the testimony of R.P., Gurath's daughter. *Gurath* at ¶ 4. R.P. testified that when she was thirteen years old, while sleeping over at Gurath's house, he gave her a prescribed thyroid pill along with a glass of water that was cloudy and tasted stale. (*Id.* ¶ 8.) She testified that she woke up in the middle of the night unable to move and feeling extreme pain in her nipples and buttocks. (*Id.*) Her legs were spread apart and she saw Gurath crouching up and and down at the side of her bed. She testified that she felt penetration "down there" in her vaginal area and that Gurath had his hands "down there." (*Id.*) She testified that she then fell back asleep. (*Id.*)

In addition to citing R.P.'s testimony, the Court of appeals cited to medical evidence finding bruising and abrasions to the labia minora inside R.P.'s vagina and abrasions to her rectal area. (*Id.* ¶ 9.) The court also cited to the evidence of clonazepam and morphine sulfate found in Gurath's bedroom. The state's expert testified that clonazepam has been used in higher doses to facilitate sexual assault by causing sedation, as well as affecting muscle control and memory. The expert also testified that, similarly, morphine sulfate at higher doses cause sedation, memory loss, slowed breathing, and going in and out of consciousness. (*Id.*) Finally, the Court of Appeals cited to Gurath's statement to the police in which he admitted that he likes to videotape people while they are sleeping; he has a fetish with the female body and with breasts; he is a sex addict who is addicted to pornography; and his theory that if he assaulted R.P., he did it while sleepwalking. (*Id.*) On this evidence, the Court of Appeals concluded that looking at the evidence in the light most

favorable to the state, a reasonable jury could have found that Gurath had sexual contact or intercourse with R.P. while she was under the age of sixteen. (*Id.* at 5.)

Gurath argues that R.P.'s testimony does not credibly allege that she recalls her father sexually assaulting her. (Docket # 13 at 21.) He argues that her testimony presents a scenario where she is in a "dream-like" state where she thinks she is being assaulted but "doesn't see anything" to support it. (*Id.*) In sum, he argues that over direct and cross examination her testimony was "completely inconsistent and completely contradictory." (*Id.*)

Gurath presented his challenges to R.P.'s credibility and her testimony to the jury. It was wholly within the jury's prerogative to make credibility determinations and decide if it agreed with Gurath. It did not. Neither the Court of Appeals, nor a federal court on habeas review, is cast as a super-juror. The question is not whether the Court of Appeals or I agree with the jury. The Court of Appeals concluded that, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found beyond a reasonable doubt that Gurath (1) had sexual contact or intercourse with R.P. and (2) that R.P. was under the age of sixteen at the time of sexual contact or intercourse. And I must conclude that, in light of the above evidence presented against Gurath, this was not unreasonable. On this record, therefore, Gurath has not shown that the Court of Appeals unreasonably applied the law to the facts of his case.

## CONCLUSION

In Grounds One and Two, Gurath does not allege any federal constitutional violations. In Ground Three, Gurath does not show that the state's rejection of his sufficiency of the evidence challenge or the conviction itself violated federal law. Thus, none

of Gurath's claims present any basis to grant relief under 28 U.S.C. § 2254. Accordingly, the petition is denied and this case is dismissed.

## CERTIFICATE OF APPEALABILITY

According to Rule 11(a) of the Rules Governing § 2254 Cases, the court must issue or deny a certificate of appealability "when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, the petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, and n.4).

Jurists of reason would not debate that Gurtah fails to raise any cognizable grounds for habeas relief. Thus, I will deny Gurath a certificate of appealability. Of course, Gurath retains the right to seek a certificate of appealability from the Court of Appeals pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that Gurath's petition for a writ of habeas corpus (Docket # 2) is **DENIED**;

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED**;

**IT IS ALSO ORDERED** that a certificate of appealability shall not issue;

**FINALLY, IT IS ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 9th day of November, 2018.

                              BY THE COURT

                              *s/ Nancy Joseph*
                              NANCY JOSEPH
                              United States Magistrate Judge